**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MARVIN SMITH SHAHEEN,

                       Plaintiff,

    v.                                             No. 03-CV-17
                                                       (GLS/DRH)

MELVIN L. HOLLINS, Superintendent,
Oneida Correctional Facility; W. HULIHAN,
Acting Superintendent;  D. GREGORY, Sr.
Counselor; and L. D. MANGIARACINA,
Corrections Counselor,

                       Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

MARVIN SMITH SHAHEEN
Plaintiff Pro Se
No. 81-A-3638
Coxsackie Correctional Facility
Post Office Box 999
Coxsackie, New York 12051-0999[1]

HON. ELIOT SPITZER                 LISA ULLMAN, ESQ.
Attorney General for the             JAIME IRENE ROTH, ESQ.
 State of New York                   Assistant Attorneys General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[2]

    Plaintiff pro se Marvin Smith Shaheen ("Shaheen"), an inmate in the custody of the New York State Department of Correctional Services (DOCS), brings this action pursuant

---

    [1] See section III infra.

    [2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

to 42 U.S.C. § 1983. Shaheen contends that the defendants, four DOCS employees, violated his constitutional rights by failing to accord him a hearing and remove him from protective custody. Am. Compl. (Docket No. 6). Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(b). Docket No. 27. Shaheen has not responded to the motion. For the reasons which follow, it is recommended that defendants' motion be granted.

**I. Background**

The facts are presented in the light most favorable to Shaheen as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

On March 19, 2002, the DOCS Department of Classification and Movement designated Shaheen as a protective custody inmate and transferred him to the protective custody unit at Oneida Correctional Facility ("Oneida"). Am. Compl. at ¶ 1;[3] Roth Affirm. (Docket No. 27) at Ex. C. Upon arrival at Oneida, Shaheen signed a form indicating that he understood that he would be double-celled during his confinement there. Hulihan Aff. (Docket No. 27) at Ex. C.

On April 9, 2002, Shaheen requested to be removed from protective custody in letters to defendants Hollins and Gregory. Am. Compl. at ¶¶ 3, 4, 11; Hollins Decl. (Docket No. 27) at Exs. C, D. Shaheen also requested a hearing in the event he was not removed

---

[3]Under Fed. R. Civ. P. 56(e), the non-moving party must offer evidence in sworn affidavits to oppose a properly supported motion for summary judgment. A verified complaint meets this requirement. See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). The amended complaint here was verified and will, therefore, be considered on this motion.

from protective custody. Id.  On April 18, 22, and 27, 2002, Shaheen requested a hearing on his request to be removed from protective custody in letters to defendants Hulihan, Gregory, and Mangiaracina. Am.  Compl. at ¶¶ 8, 12; Hollins Aff. at Ex. C.

On April 25, 2002, Shaheen filed grievance number ONI-8105-02 requesting a hearing for removal from protective custody. Hollins Decl. at Ex. D. The grievance was denied on the ground that removal from protective custody could only be decided by the Classification and Movement department. Id.  Shaheen appealed to the Superintendent and on June 19, 2002, the Superintendent accepted Shaheen's grievance to the extent that  Shaheen's protective custody status would be reviewed, but that the Classification and Movement Department would still make the final determination of his status. Hollins Decl. at Ex. E. On July 1, 2002, the Classification and Movement Department determined that Shaheen was properly placed in protective custody at Oneida. Glasheen Aff. (Docket No. 27) at Ex. B.  On July 10, 2002, Shaheen was transferred to Elimira Correctional Facility pursuant to the Classification and Movement Department's change in Shaheen's security classification. Roth Affirm. at Ex. C. This action followed.

## II. Discussion

### A. Motion for Summary Judgment

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings,

depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Id. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247.[4]

Defendants' notice of motion warned Shaheen that his failure to respond to their motion by setting forth specific facts demonstrating a genuine issue of fact would result in this Court treating the facts asserted by defendants as true and that the motion might be

---

[4] Although entitled to such solicitude, Shaheen has extensive litigation experience, having filed at least twenty two other federal actions since 1989. See  U.S. Party/Case Index (visited June 23, 2005) <http://pacer.uspci.uscourts.gov/cgi-bin/ dquery.pl>

granted absent a response from Shaheen. Docket No. 27. Shaheen was twice granted an extension of the time to file a response. Docket No. 29, 30. Nevertheless, Shaheen has failed to respond to the motion.

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). Because Shaheen has not responded to raise any question of material fact, however, the facts as set forth in defendant's Rule 7.1 Statement of Fact (Docket No. 27) and affidavits (Docket No. 27) are accepted as true. Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., Inc., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

### B. Exhaustion

Defendants contend that Shaheen failed to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing a § 1983 lawsuit. Porter v. Nussle, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Id. at 532. "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). Conditions of confinement include deprivations of "exercise, medical care, adequate food and shelter,

and other conditions that, if improperly imposed, could violate the Constitution." Id. at 28. The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Nussle, 534 U.S. at 524.

DOCS has instituted an inmate grievance program which provides inmates with a method of resolving grievances. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.1 (2004). A grievance is defined therein as a "complaint about the substance or application of any written or unwritten policy, regulation, procedure or rule of [DOCS] or any of its program units, or the lack of a policy, regulation, procedure or rule." Id. at § 701.2(a) (2004). An inmate must first bring his or her grievance to the Inmate Grievance Review Committee (IGRC). Id. at § 701.7(a). If denied by IGRC, the inmate may appeal to the facility Superintendent. Id. at § 701.7(b). If the Superintendent denies relief, the inmate may take a final appeal to the Central Office Review Committee (CORC). Id. at § 701.7(c). Thus, if plaintiff has failed to follow each step, he has failed to exhaust his administrative remedies as required by § 1997e(a).

A three-part inquiry is appropriate in cases where a prisoner plausibly seeks to counter a contention that he or she has not exhausted available administrative remedies under § 1997e(a). Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004). First, a court must determine whether the administrative remedies were actually "available" to the petitioner. Id. (citing Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004)). "Available" means more than the mere presence of a grievance system but also that the system is functionally available to the prisoner. Hemphill, 380 F.3d at 686-87. That test is objective so that a "similarly situated individual of ordinary firmness" would have deemed it available. Id. at 688 (citing Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003)).

The second part of the inquiry requires a court to ask whether the defendants' own actions inhibited exhaustion so that he or she is estopped from raising it as a defense. Hemphill, 380 F.3d at 686; citing Ziemba v. Wezner, 336 F.3d 161,163 (2d Cir. 2004). Finally, if the administrative remedies were available, and the defendant is not estopped, a court should also consider whether any "special circumstances" were plausibly alleged to justify the petitioner's failure to comply with the administrative requirements. Hemphill, 380 F.3d at 686; Giano v. Goord , 380 F.3d 670 (2d Cir. 2004) (citing Berry v. Kerik, 336 F.3d 85, 87-88 (2d Cir. 2004)).

Shaheen filed grievance number ONI-81-5-02 in which he requested that his protective custody status be reviewed and that he be afforded a hearing if his transfer from protective custody status was denied. The grievance was denied by the IGRC with the explanation that the relief requested by Shaheen could only be obtained through the Classification and Movement Department. Hollins Decl. at Ex. D. On appeal, the Superintendent accepted the grievance to the extent that Shaheen's protective status would be reviewed. Id. at Ex. E. Shaheen's request to be removed from protective custody status was ultimately denied as it was determined by the Classification and Management Department that Shaheen was properly classified. Id. at Ex. D.  Shaheen did not appeal the Superintendent's decision to CORC.

Defendants contend that Shaheen failed to exhaust his administrative remedies by not appealing the Superintendent's decision to CORC.  However, although Shaheen was not transferred from protective custody, he received partial relief, which was a review of his protective custody status. Shaneen reasonably may not have believed that an appeal to CORC was necessary due to the partially favorable decision from the Superintendent.

Accordingly, it is recommended that defendants' motion on this ground be denied.

### C. Equal Protection

Shaheen contends that defendants denied him the equal protection of the law. Defendants contend that Shaheen failed to establish a violation of his right to equal protection.

The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law. Essential to that protection is the guarantee that similarly situated persons be treated equally. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "In order to establish an equal protection violation, the plaintiffs must show that they were treated differently than other people in similar circumstances and must establish that such unequal treatment was the result of intentional and purposeful discrimination." Myers v. Barrett, No. 95-CV-1534, 1997 WL 151770, at *3 (N.D.N.Y. Mar. 28, 1997) (Pooler, J.). In addition, a valid equal protection claim may be brought by a "class of one" "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005).

Here, Shaheen makes only vague and conclusory allegations that he was denied the equal protection of the laws and thus has failed sufficiently to show an equal protection violation. See De Jesus v. Sears Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996). Equally significant here is that the complaint contains no allegation as to which inmates in a similar situation were treated differently than Shaheen. Oliver v. Cuttler, 968 F. Supp.

-8-

83, 88 (E.D.N.Y. 1997). It is recommended that defendants' motion as to Shaheen's equal protection claim on this ground be granted.

### D. Due Process

Shaheen contends that the defendants deprived him of his due process rights when they failed to transfer him from protective custody and failed to accord him a hearing on this issue. Defendants contend that Shaheen did not have a protected liberty interest.[5]

As a threshold matter, an inmate asserting a violation of his or her right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001). To determine whether an inmate possessed a protected liberty interest, a prisoner must satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472, 483-84 (1995). This standard requires a prisoner to establish that the confinement was atypical and significant in relation to ordinary prison life. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996).

If a plaintiff was confined for over 100 days, "development of a detailed record" pertaining to the conditions of the confinement relative to ordinary prison conditions is required. Palmer v. Richards, 364 F.3d 60, 64-65 (2d Cir. 2004); Colon v. Howard, 215F.3d 227, 232 (2d Cir. 2000). Relevant factors to consider are the length and actual conditions of confinement. Palmer, 365 F.3d at 64. Factual disputes over prison conditions may not be

---

[5] Defendants also contend that Shaheen had no constitutional right to a transfer to a particular facility. This issue need not be addressed here because Shaheen's amended complaint appears to allege only a failure to be removed from protective custody without a hearing and not transfer to another correctional facility.

resolved on summary judgment, but, where conditions are undisputed, the Sandin issue should be resolved by the court as a matter of law. Colon, 215 F.3d at 230-31; Palmer, 364 F.3d at 65. A prisoner has no actionable due process claim if similar deprivations are endured by other prisoners "simply as a consequence of the ordinary administration of the prison." Welch v. Bartlett, 196 F.3d 389, 394 (2d Cir. 1999).

Here, Shaheen was in protective custody at Oneida from March 19, 2002 until he was transferred to Elmira Correctional Facility on July 16, 2002. Roth Affirm. at Ex. C. Shaheen was therefore in protective custody for 118 days. Shaheen contends that he was denied access to the law library, telephones, recreation, and programs that were available to inmates in the general population. Am. Compl. at ¶ 9. In addition, Shaheen contends that he was confined to his cell for twenty-two hours per day. Id.

Defendants, however, offer evidence that during his time in protective custody at Oneida, Shaheen participated in a paid work program as a maintenance laborer, was enrolled in a program of independent study, participated in recreational activities, was allowed to spend time outside his cell working both indoors and outdoors, that he had access to separate programs and facilities, and was able to receive library materials in his cell. Roth Affirm., Exs. C & D. at 44-45; Gregory Aff. at ¶ 23. In the absence of any evidence to the contrary from Shaheen, defendants have sufficiently demonstrated that Shaheen's protective custody status for this time period was not "atypical or significant." Shaheen has thus failed to demonstrate that he had a protected liberty interest.

Accordingly, it is recommended that defendants' motion on this ground be granted.


resolved on summary judgment, but, where conditions are undisputed, the Sandin issue should be resolved by the court as a matter of law. Colon, 215 F.3d at 230-31; Palmer, 364 F.3d at 65. A prisoner has no actionable due process claim if similar deprivations are endured by other prisoners "simply as a consequence of the ordinary administration of the prison." Welch v. Bartlett, 196 F.3d 389, 394 (2d Cir. 1999).

Here, Shaheen was in protective custody at Oneida from March 19, 2002 until he was transferred to Elmira Correctional Facility on July 16, 2002. Roth Affirm. at Ex. C. Shaheen was therefore in protective custody for 118 days. Shaheen contends that he was denied access to the law library, telephones, recreation, and programs that were available to inmates in the general population. Am. Compl. at ¶ 9. In addition, Shaheen contends that he was confined to his cell for twenty-two hours per day. Id.

Defendants, however, offer evidence that during his time in protective custody at Oneida, Shaheen participated in a paid work program as a maintenance laborer, was enrolled in a program of independent study, participated in recreational activities, was allowed to spend time outside his cell working both indoors and outdoors, that he had access to separate programs and facilities, and was able to receive library materials in his cell. Roth Affirm., Exs. C & D. at 44-45; Gregory Aff. at ¶ 23. In the absence of any evidence to the contrary from Shaheen, defendants have sufficiently demonstrated that Shaheen's protective custody status for this time period was not "atypical or significant." Shaheen has thus failed to demonstrate that he had a protected liberty interest.

Accordingly, it is recommended that defendants' motion on this ground be granted.

### E. Deliberate Indifference

Shaheen contends that defendants' refusal to afford him a hearing on his protective custody status showed deliberate indifference and negligence. Defendants contend that Shaheen fails to state a claim of deliberate indifference.

In order to prove that a prison condition amounted to cruel and unusual punishment, a plaintiff must satisfy both an objective and a subjective standard. Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir. 1996). To satisfy the objective test, a plaintiff must show that the conditions of his confinement resulted in "unquestioned and serious deprivations of basic human needs." Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985). To satisfy the subjective test, a plaintiff must show that the defendants were "deliberately indifferent" to plaintiff's health or safety. Jolly, 76 F.3d at 480.

Here, Shaheen fails to show that the conditions in protective custody at Oneida were a sufficiently serious deprivation of basic human needs or of the minimal civilized measure of life's necessities. Shaheen was able to participate in work and other programs, recreation, and does not allege that he was deprived of food, water, or otherwise subjected to any conditions that amounted to cruel and unusual punishment for the purpose of the Eighth Amendment. Furthermore, Shaheen fails to allege or prove that defendants acted with sufficiently culpable states of mind.

It is recommended that defendants' motion on this ground be granted.

### F. Personal Involvement

Defendants contend that they were not personally involved in the placement and

transfer of Shaheen to Oneida's protective custody unit.  To establish liability under § 1983, a plaintiff must demonstrate that the alleged deprivation of federal rights was committed by a person acting under "color of state law." 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48-49 (1988).  A prerequisite to establishing this liability is the personal involvement of the defendants in the alleged deprivation.  Generally, liability cannot be imposed on a state official for damages under § 1983 solely because he or she was a supervisor as respondeat superior liability does not exist under § 1983. Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).  However, a defendant supervisor is personally involved if he or she (1) directly participated in the infraction, (2) failed to remedy the wrong after learning of the violation, (3) created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue, or (4) was grossly negligent in managing subordinates who caused the unlawful condition or event.  Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

      On April 9, 2002, Shaheen requested to be removed from protective custody in a letter to Hollins, Superintendent of Oneida Correctional Facility. Am. Compl. at ¶¶ 3-4, 11; Hollins Decl. (Docket No. 27) at Exs. C, D. While mere receipt of a letter or grievance from an inmate is insufficient to establish personal involvement, the official's response to a letter or grievance may be sufficient. Boddie v. Morgenthau, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004). Hollins did not respond to the letter and Shaheen fails to show how Hollins was otherwise personally involved. Defendant Hulihan responded briefly to Shaheen's letter to Hollins acknowledging receipt of the letter and stating that the matter was referred to Gregory. This brief response is not sufficient to hold Hulihan liable for the alleged violations contained therein. Shaheen fails otherwise to show how Hulihan was

personally involved.

Defendants contend that because no defendant had the authority to place Shaheen in or remove Shaheen from protective custody, they were not personally involved in the alleged violation. No defendant was involved in Shaheen's initial transfer to Oneida's protective custody unit. However, defendants, upon having notice of Shaheen's request, did have the ability to arrange for a hearing or refer Shaheen's requests to the Classification and Movement Department.  Defendants fail to show that they were not personally involved in the failure to recommend transfer out of protective custody or make Shaheen's request for review available to the Classification and Movement Department. Although defendants did not have the ultimate authority to order the transfer, they fail to show that they did not have the ability to refer the request to the proper department.

Therefore, defendants' motion on this ground should be granted as to defendants Hollins and Hulihan and denied as to the remaining defendants.

### G. Qualified Immunity

Finally, defendants contend that they are entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. 2003). A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does the court proceed to determine whether the constitutional rights were clearly established at the time

of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Shaheen's allegations as true, he has not shown a constitutional violation. Shaheen fails to establish that his constitutional rights were violated by defendants' actions.

Therefore, defendants' motion for summary judgment on this alternative ground should be granted.

### III. Shaheen's Current Address

It appears from the docket in this case that Shaheen is no longer located at the address listed above for him at Coxsackie Correctional Facility. See Docket No. 31. Shaheen's last communication with the Court in this case was filed January 31, 2005 in which he continued to list the Coxsackie address. See Docket No. 30. As noted above, see note 4 supra, Shaheen has filed a number of other federal actions, at least three of which remain pending in this district. In each of those three actions, Shaheen continues to list the Coxsackie address. See Shaheen v. McIntyre, No. 05-CV-173 (N.D.N.Y. filed Feb. 9, 2005); Shaheen v. Filion, No. 04-CV-625 (N.D.N.Y. filed June 1, 2004); Shaheen v. Notabartolo, No. 03-CV-1366 (N.D.N.Y. filed Nov. 12, 2003). The last communication received by the Court from Shaheen in any of those case was received on August 11, 2005 in which Shaheen listed the Coxsackie return address. See No. 03-CV-1366 at Docket No. 25. It appears that the first returned mail sent to the Coxsackie address occurred in this case on "August 26, 2005. Docket No. 31; see also No. 04-CV-625 at Docket No. 28 (mail sent to Coxsacki address returned on August 31, 2005). Thus, it appears that sometime between August 11 and 26, 2005, Shaheen left Coxsackie and

that he has not notified the Court of his new address.

"Litigants have a continuing obligation to keep the court informed of any change of address that may occur during the pendency of an action." Michaud v. Williams, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999); see also N.D.N.Y.L.R. 10.1(b)(2); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y.1998) (Pooler, J.). Notification to the Court and opposing counsel of a new address is essential for the orderly disposition of cases. See Fenza, 177 F.R.D. at 127 (citations omitted). Accordingly, in the alternative, if Shaheen fails to notify the Court of his new address, it is recommended in the alternative that the amended complaint be dismissed for this reasons.

### IV. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion for summary judgment (Docket No. 27) be **GRANTED**, and the amended complaint be **DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: September 7, 2005
         Albany, New York

*David R. Homer*
United States Magistrate Judge